# PROVIDENCE COUNTY.

———✦———

VASHTI W. ANGELL *vs.* COURT OF PROBATE OF NORTH PROV-
IDENCE.

What particularity and certainty are required in a probate petition for the appointment of
    a guardian on account of want of discretion in the ward, and in the citation thereon.
A probate court ordered service of a citation in two forms : —
*Held,* that service made in one form was sufficient, unless the court insists upon absolute
    compliance with its order, the statute requiring notice in one form only to confer juris-
    diction.

APPEAL from the decree of a Probate Court. — On motion to dismiss.

*July* 24, 1875.    DURFEE, C. J.    This is an appeal from a decree of the Court of Probate of North Providence appointing a guardian of the person and estate of Vashti W. Angell.    The application states, as the only ground of the appointment, that said Vashti is intemperate, and through want of discretion in managing her estate is likely to bring herself to want and thereby to render herself chargeable to the town.    The case comes before us on motion to dismiss the proceeding : first, because the application is defective ; and second, because the notice given to the respondent was insufficient.

The objection to the application is that it does not state the cause or causes of the respondent's want of discretion.    We do not think that is necessary, inasmuch as want of discretion, whatever its cause, if it is likely to bring the respondent to want and render her chargeable, is a sufficient reason for appointing a guardian.

The objection to the notice is, that the citation simply states that the petitioners, naming them, have presented their petitions in writing, praying that Elisha C. Mowry, or some other suitable person, be appointed guardian of the person and property of Vashti W. Angell, without reciting the petition or its substance.    We think the citation was sufficient.    The statute does not require a recital of the application or of its substance, but only that the citation shall give notice of the subject matter of the proceeding.

The subject matter of the proceeding is the matter which is the subject of the proceeding, or the matter to which the proceeding relates.    The subject matter in this case is the appointment of a guardian for the person and property of Vashti W. Angell.

Another objection is that an order was made for notice, both by citation and by advertisement, and notice by advertisement has not been given.    The record, however, recites that notice was given pursuant to order, though the advertisement itself is not produced.    Moreover, the statute only requires notice in one form, to give the Court of Probate jurisdiction.    It is therefore enough that notice was given in one form, though ordered in two forms, if the court does not insist upon a compliance with the order in both forms.    Indeed, we suppose that notice is sometimes ordered in two or more forms, so that if it fails in one form it may be given in another, so that the case may proceed.

*The motion is denied.*